UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20044-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE CAMILO ESPANA MARQUINEZ,

    Defendant.
_____/

## JOSE CAMILO ESPANA MARQUINEZ' SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

The Defendant, JOSE CAMILO ESPANA MARQUINEZ, by and through his undersigned counsel, files this sentencing memorandum and request for variance from the recommended guideline sentence range of 235 to 293 months. The circumstances of the defendant's case do not involve obstruction of justice, nor any victim impact adjustment in addition to the defendant not having had any prior criminal conduct. The defendant's conviction rises from his plea of guilty to having violated 21 U.S.C. §963, which carries with it a statutory mandatory minimum sentence of 10 years incarceration. As a result of the defendant's aggravating role enhancement, Mr. Espana Marquinez does not qualify for the safety valve, nor will he receive the corresponding two level reduction applicable for those offenders who do qualify for the safety valve. Furthermore, the obvious reason

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

behind the defendant's high guideline range is due to the large amount of cocaine involved in this extensive conspiracy.  Given the nature and circumstances of this offense, the defendant submits that this Honorable Court should consider a variance from the low end of the guidelines based upon the below factors and reasoning.

Although a sentencing court should consult the guidelines in fashioning a fair sentence, the court must "tailor the sentence in light of other statutory concerns as well" *United States v. Booker,* 543 U.S. 220 (2005).  18 U.S.C. §3553(a) sets forth these "other statutory concerns" or factors. Sentencing courts should now consider all of the goals and factors as set forth in §3553(a), not just the guidelines and policy statements in the guidelines manual. Court's are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to §3553(a) factors.  Pursuant to the United States Supreme Court decision in *Gall v. United States*, 128 S.Ct. 586 (2007), the Supreme Court once again ordered that broad discretion be restored to federal district judges by stating that the guidelines are **not** presumed reasonable and thereby allowing federal judges to impose the sentence they deem most appropriate after considering all the sentencing factors.

In *Spears v. United States*, 129 S.Ct. 840 (2009), the court emphasized that lower courts are in no way bound to apply the sentencing guidelines, and can impose a sentence lower than the guidelines, even if the sentence is based solely on the district court's disagreement with the guidelines:

> "Even when a particular defendant…presents no special mitigating circumstances – no outstanding service to country or community, no

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

> unusually disadvantaged childhood, no overstated criminal history score, no post defense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range…. The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines…".

### Circumstances of the Offense

The instant case involved Colombian authorities having intercepted conversations for the telephone numbers used by the lead defendant in this case, Limber Antonio Arboleda Cortes. Through these wiretaps, the Colombian authorities were able to identify various participants in Arboleda Cortes' trafficking organization. The U.S. authorities identified Mr. Espana Marquinez as the individual who carried out the directives of Arboleda Cortes. The Government describes Mr. Espana Marquinez as "the righthand man" of Arboleda because he was the messenger and conduit of directives given by Arboleda to all the other co-conspirators in the case. It is for this reason that defendant Espana Marquinez has been assigned a three level role enhancement.

By way of this pleading, the defendant is seeking to mitigate the three level role enhancement due to numerous considerations. First, Mr. Espana Marquinez did not have any decision making authority, nor did he earn any greater percentage of the profits than any of the other participants in the conspiracy. Normally, a leadership or management role is assigned to a defendant who has "control over another participant in the criminal activity" *United States v. Harness*, 180 F.3d 1232, 135 (11th Cir. 1999). Although defendant Espana Marquinez did not exert any degree of control, influence or leadership over the criminal conspiracy, this role enhancement applies even for those who are considered "go-fers", messengers, and/or act as conduits for those persons with oversight and authority in the conspiracy. See *United States v. Graham*, 162 F.3d 1180, 1182-83

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

(DC Cir. 1998). Because the defendant gave directions to others at the behest of Mr. Arboleda, such conduct is sufficient to be categorized as a manager *United States v. Leonard*, 37 F.3d 32, 38 (2nd Cir. 1994). See also *United States v. Figueroa*, 682 F.3d 694, 697-98 (7th Cir. 2012) (a supervisor may consist of persons who transmit, direct or pass on orders from someone above themselves).

Due to this assignment of a role enhancement, Mr. Espana Marquinez cannot earn the benefit of the safety valve, which would include an additional two level reduction. The defendant's guideline range therefore will be much higher than any other co-conspirator in this case, (except for the true leader, Arboleda).

### Extraordinary Acceptance of Responsibility and Low Risk Recidivism

Jose Camilo Espana Marquinez has gone way above what is required to demonstrate his acceptance of responsibility. Generally, defendants simply plead guilty to the offense charged and, in exchange, receive a three level reduction for accepting responsibility. But in this case, Mr. Espana Marquinez had done a great deal more without receiving anything in return. The defendant fully cooperated with the Government, both immediately after his arrest and subsequent to his arrival into this district. Mr. Espana Marquinez has been debriefed several times and has agreed to continue to cooperate against others who are awaiting trial and those who are yet to be brought into the district from Colombia. Mr. Espana Marquinez has provided significantly more information that should assist the Government in its efforts to bring charges against other participants in this conspiracy.

At the present time, undersigned counsel has been advised that the Government is not in a position to provide the Court with a §5K.1 downward departure motion, and it is unknown whether

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

the Government will be able to successfully arrest other individuals named by the defendant who were participants in this conspiracy in order for him to receive a Rule 35 motion.

Having demonstrated his extraordinary acceptance of responsibility, Mr. Espana Marquinez has also shown that he is simply not a risk to re-offend. Accordingly, the lengthy sentence established by the guidelines as calculated in the Presentence Investigation Report is not necessary to achieve all the goals of sentencing. The defendant respectfully requests this Court consider all the circumstances of the instant case, and his extraordinary efforts to cooperate with the Government, in adjusting his sentence downward below the low end of the guidelines.

WHEREFORE, the defendant respectfully requests this Court consider a variance from the guidelines and sentence the defendant to a reasonable and fair term of years in jail.

Respectfully submitted,

ROY J. KAHN, P.A.
800 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel: (305) 358-7400
Fax: (305) 358-7222

/s/Roy J. Kahn_____
ROY J. KAHN
Florida Bar No. 224359
rjk@roykahnlaw.com

Page 5 of 6

800 Brickell Avenue · Suite 1400 · Miami, FL 33131 · Tel: (305) 358-7400 · Fax: (305) 358-7222
www.roykahnlaw.com · rjk@roykahnlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **September 21, 2020,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

/s/  Roy J. Kahn
ROY J. KAHN